UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RITA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:11-cv-0607 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, United States District Judge:

In this case, Plaintiff Rita White ("Plaintiff") brought claims against Defendant Metropolitan Government of Nashville and Davidson County ("Defendant") under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, alleging failure to accommodate, discrimination, hostile work environment, and retaliation. Presently before us are the parties' motions in limine. (Dkt. Nos. 66–67.) For the following reasons, we grant Defendant's motion in part and deny it in part, and we grant Plaintiff's motion.

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions *in*

*limine*—in order to narrow the issues remaining for trial and to minimize disruptions at trial." *U.S. v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see U.S. v. Huff*, No. 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163; *U.S. v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *U.S. v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *U.S. v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

A.     **DEFENDANT'S MOTION**

    1.     **EEOC Determination and File**

Defendant seeks to prevent Plaintiff from introducing into evidence the EEOC determination dated July 30, 2010 (Dkt. 67-1), as well as the files related to the investigation of the two EEOC charges underlying this case. (Mem. at 1.) Plaintiff responded that she would not attempt to introduce the determination at trial, and conceded that "the entire EEOC file is not admissible." (Resp. at 1.)

Defendant suggested that instead of introducing the entire file, "Plaintiff should be required to establish the admissibility of any EEOC documents [in the file] by tendering them in a manner that provides [Defendant] with a reasonable opportunity to object." (Mem. at 8.) We agree. Within three days of the entry of this order, Plaintiff shall submit a supplemental brief identifying the documents from the EEOC file that she intends to introduce at trial. Defendant

-2-

will have three days to file any motions in limine with respect to the documents identified, and Plaintiff may file a response within the following two days. We therefore grant Defendant's motion as to the EEOC determination and the file in its entirety, and reserve judgment on the individual documents in the file that Plaintiff intends to introduce.

### 2. Testimony of EEOC Investigator Robert Trail

Defendant also seeks to exclude the testimony of Robert Trail, an investigator who worked on Plaintiff's EEOC case. (Mem. at 6–8.) Defendant argues that the testimony would be inadmissible on a number of grounds. First, any conclusions he might offer as to the cause of Defendant's actions would usurp the jury's role and might improperly influence the jury to simply substitute his judgment for their own. (*Id.* at 6–7.) Second, Plaintiff has not disclosed Mr. Trail as an expert witness, and any testimony he may offer as a lay witness has little or no probative value. (*Id.* at 7.) Finally, any testimony he may offer as to the facts underlying the investigation would be needlessly cumulative, because the parties themselves will set forth those facts in their own testimony. (*Id.* at 8.)

We agree with Defendant that much of Mr. Trail's potential testimony will be inadmissible as needlessly cumulative and unfairly prejudicial under Rule 403, or as unhelpful to the trier of fact under Rule 701(a), should Plaintiff attempt to offer him as an expert. Fed. R. Evid. R. 403, 701(a). Nevertheless, motions in limine should be granted only where the disputed evidence is clearly "inadmissible on all potential grounds." *United States v. Afyare*, 10 CR 0260, 2013 WL 1386610, at *2 (M.D. Tenn. Apr. 4, 2013); *cf. Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility

of evidence as they arise."). Here, Plaintiff claims that Mr. Trail's testimony may be needed to authenticate certain documents from the EEOC file, and to identify for impeachment purposes statements made by Defendant in the course of the investigation. (Resp. at 2.) It is possible that Mr. Trail's testimony may be admissible for those limited purposes. Therefore, we will not exclude him entirely as a witness at this point. However, since we will be inclined at trial to sustain the objections that Defendant raises here, we caution Plaintiff that she should consider either not calling Mr. Trail as a witness, or at least offering his testimony if need be for the limited purposes she suggests.

**B.      PLAINTIFF'S MOTION**

   **1.      Backpay Check and Release**

Plaintiff challenged her 2009 suspension in an administrative grievance procedure that resulted in a reduction of the suspension and an award of back pay. (Mot. at 2.) Upon receiving the award, Plaintiff released Defendant from "any other claim of back pay alleged to have resulted from my suspension from employment." (Dkt. No. 70-1.) Plaintiff seeks to exclude the check and the release, on the grounds that she "makes no claims for those wages in the present suit and therefore evidence of the same is not relevant. Furthermore, this evidence . . . may give jurors the impression that Plaintiff has released some or all of the claims currently pending and that she has already been compensated for the injuries that the jury is asked to decide." (Mot. at 2.)

Defendant explains that it "is less concerned that the back pay check be admitted than that the jury understand that [Plaintiff] has no damages resulting from the 3 additional days of back pay." (Resp. at 2.) As Defendant suggests, we can issue an instruction telling the jury that back

pay is not a component of damages in this case. The parties should also consider explicitly stipulating that Plaintiff does not seek back pay. In any case, we can address Defendant's concern without admitting the challenged evidence. Therefore, we grant Plaintiff's motion with respect to the back pay check and release.

## 2. Notices of Right to Sue Letters

Plaintiff also asks us to exclude two Right to Sue letters that she received from the EEOC on April 9, 2010 and April 1, 2011. (Mot. at 2–3.) In light of Plaintiff's decision to withdraw the EEOC determination from evidence, Defendant agreed to withdraw "its request to publish any Notices of Right to Sue in this case to the jury." (Resp. at 3.) Defendant wants to enter the letters into the record, however, to support a motion for judgment as a matter of law if necessary. (*Id.*) As Plaintiff has no objection to entering the letters "for the Court's review only," (Mot. at 2), we will allow it.

## 3. Initial and Final Orders in Administrative Proceedings

Finally, Plaintiff asks us to exclude the finding of the administrative appeals process that resulted in the reduction of her suspension, on the grounds that "these documents are not relevant to the jury's deliberations and could cause significant confusion as to whether they would be bound by the findings contained therein." (Mot. at 3.) Defendant argues that "while the jury is not bound by these findings, certainly it should be permitted to consider that a neutral third party reviewed the underlying facts and concluded that [Plaintiff] did what she was charged with doing and that she was appropriately disciplined for doing it." (Resp. at 5.) According to Defendant this evidence is relevant to the issue of whether Defendant's stated reasons for disciplining Plaintiff were pretextual. (*Id.*)

-5-

Defendant's argument is unpersuasive. It is the jury's role to assess the underlying facts and reach their own conclusions. The ALJ's conclusions on these issues are therefore not probative. We agree with Plaintiff that a jury is likely to be confused about how much weight to give the ALJ's finding (when, in fact, it should give them no weight at all). Furthermore, a jury presented with this evidence may be improperly influenced by the ALJ's position of authority, leading them to follow the ALJ's finding rather than reaching their own conclusions.

Defendant itself expressed these points very articulately in its motion to exclude evidence of the EEOC findings: "The fact that the EEOC has spoken to a portion of what the jury will be deciding could very well entice a weary jury into rendering a verdict based solely on the EEOC's determination, without properly weighing the evidence and reaching a reasoned verdict." In light of its own valid arguments about the EEOC findings, we do not see any logical basis for Defendant's attempt to introduce the ALJ findings. There is no meaningful distinction between the findings of the EEOC and the ALJ that would allow us to exclude the former and admit the latter.

We therefore grant Plaintiff's motion with respect to these reports. As Defendant points out, however, Plaintiff appears to have included these reports in her exhibit list. (Resp. at 6; Dkt. No. 61 at 3.) Given her present motion, we do not expect Plaintiff to rely on them at trial. But should Plaintiff attempt to introduce any portion of these reports into evidence, we will allow Defendant to submit relevant portions in response.

## CONCLUSION

For the reasons explained, we grant Defendant's motion in part and deny it in part. We grant Plaintiff's motion. Within three days, Plaintiff shall file a supplemental brief identifying those portions of the EEOC file that she intends to introduce at trial. Defendant may file an additional motion in limine within the following three days, and Plaintiff will have two days to respond.

SO ORDERED:

Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
April 25, 2013