# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RITA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:11-cv-0607 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, United States District Judge:

Plaintiff Rita White ("Plaintiff") sued Defendant Metropolitan Government of Nashville and Davidson County ("Defendant") for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Trial on her disparate treatment, hostile work environment, and retaliation claims is scheduled to begin on May 21, 2013. For her hostile work environment claim, White avers that she was subjected to severe and pervasive harassment by her supervisor, based on his perception that she is dyslexic, and was otherwise singled out for negative treatment. *See White v. Metro. Gov't of Nashville*, No. 11 C 607, 2013 WL 269042, at *9–10 (M.D. Tenn. Jan. 24, 2013). She further alleges, for her discrimination claim, that her supervisors denied her the ability to rotate between roles as a Warrant Clerk, as did her peers.[1] *Id.* at *7. In preparation for trial, we address two remaining legal questions, including the pertinent statute of limitations and the admissibility of certain documents. We also reset the time

---

[1] We assume familiarity with the factual and procedural background and will include specific facts only as needed to address the pending issues.

of the pretrial conference, which will take place on Monday, May 20, 2013 at 9 a.m.

I.     STATUTE OF LIMITATIONS

At the summary judgment stage, Judge Trauger identified a statute of limitations question left open by the parties. *Id*. at *5–6 & n.10. On the record before her, Judge Trauger could not determine whether White's claims should be subject to the default 180-day limitations period or the 300-day limitations period applicable where the plaintiff institutes proceedings with a state or local agency as well as the EEOC. *Id.* at *5–6. In their supplemental briefs, the parties agree that the 300-day limitations period applies because White also listed the Tennessee Human Rights Commission as the comparable state agency in her EEOC charges. (Def.'s Limitations Period Mem. at 1 (Dkt. No. 71); Pl.'s Limitations Period Mem. at 1–2 (Dkt. No. 74).) There is no dispute that White filed EEOC charges on November 10, 2008 and January 14, 2009.

The parties further appear to agree, and we hereby confirm, that the 300-day limitations period applies differently to White's hostile work environment claim than it does to her discrete claims of discrimination. As both parties acknowledge, "incidents constituting a hostile work environment are part of one unlawful employment practice" due to the repeated nature of the alleged misconduct, and "the employer may be liable for all acts that are part of this single claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118, 122 S. Ct. 2061, 2075 (2002); *Hamblin v. ITT Educ. Servs., Inc.*, No. 08 C 196, 2009 WL 1651176, at *9 (M.D. Tenn. June 10, 2009); *McGowan v. Dell Computer Corp.*, No. 04 C 996, 2008 WL 4572546, at *6–7 (M.D. Tenn. Oct. 8, 2008). Therefore, an employee "need only file a charge within . . . 300 days of any act that is part of the hostile work environment." *Morgan*, 536 U.S. at 118, 122 S. Ct. at 2075; *Speck v. City of Memphis*, 594 F. Supp. 2d 905, 917–18 (W.D. Tenn. 2009). Here, White

complains of a barrage of harassment spanning from early 2008 through her disability leave, which began January 1, 2010. *White*, 2013 WL 269042, at *2–4. Her EEOC charges include a hostile work environment claim based on Sargeant Garafola's alleged harassment throughout 2008. Accordingly, White's hostile work environment claim is timely-pled and may include all acts of harassment, whether or not they occurred prior to January 15, 2008, which marks the start of the 300-day period for her first EEOC charge.

With respect to White's discrimination claims, however, "discrete discriminatory acts are not actionable if time barred, even if they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113, 122 S. Ct. at 2072. Because discrete acts—such as termination or failure to promote—are easily identifiable, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*; *McGowan*, 2008 WL 4572546, at *7. Here, Judge Trauger held that White may pursue discrimination claims based on her discrete requests to rotate through different tasks within the Warrant Clerk position. *White*, 2013 WL 269042, at *6–8. In light of the 300-day limitations period, White can allege discrimination based only on discrete denials of her requests to rotate Warrant Clerk duties that occurred on or after January 15, 2008. Denials of rotation requests occurring prior to January 15, 2008 are no longer actionable.

We further clarify that White may not "salvage her time-barred claims by attempting to bootstrap them" onto a timely hostile work environment claim. *Cunningham v. Washington Group, Int'l, Inc.,* No. 08 C 1308, 2009 WL 2971870, at *4 (W.D. Tenn. Aug. 11, 2009); *Durham v. City of Clarksville, Tenn.*, No. 11 C 986, 2012 WL 6021435, at *4 (M.D. Tenn. Dec. 4, 2012) (stating it is "not possible to convert a time-barred discrete claim into a hostile work

environment claim even if it is related"); *Speck*, 594 F. Supp. 2d at 917 (explaining that "[d]iscrete acts falling outside the 300-day filing period are time-barred even if they bear some relationship" to timely filed claims).  White can use "the prior acts as background evidence in support of a timely claim" but she may not premise her hostile work environment claim on any time-barred discrete acts.  *Morgan*, 536 U.S. at 113, 122 S. Ct. at 2072; *see Durham,* 2012 WL 6021435, at *4; *Speck*, 594 F. Supp. 2d at 917; *Hananiya v. City of Memphis*, 356 F. Supp. 2d 871, 875 (W.D. Tenn. 2005).  The parties' evidence and argument at trial must reflect these principles.

## II.     EEOC FILE DOCUMENTS

As discussed in our earlier order resolving the parties' motions in limine, Defendant objected to Plaintiff's proposed use of the entire EEOC investigative file at trial.  (4/25/13 Op. at 2–3 (Dkt. No. 81); *see also* Def.'s Mot. in Limine No. 1 (Dkt. No. 67).)  We ordered Plaintiff to identify the specific documents from the EEOC file that she intends to introduce at trial.  We also allowed Defendant to file any additional motions in limine with respect to the documents identified by Plaintiff.  (Dkt. No. 81 at 2–3.)

On April 25, 2013, Plaintiff filed a supplemental brief listing the particular documents she seeks to introduce at trial.  (Supp. Brief Regarding EEOC File Docs. (Dkt. No. 82).)  Plaintiff asserts that these documents were prepared and/or completed by Defendant and are thus admissible as the admissions of a party opponent pursuant to Federal Rule of Evidence 801(d).  (*Id.* at 1.)  Defendant has not filed any additional motions in limine as to these materials.  As a result, there are no pending objections for us to resolve, and we shall address any further evidentiary issues as they arise at trial.

## CONCLUSION

As set forth above, the 300-day limitations period applies to Plaintiff's claims in this matter. All acts constituting the alleged hostile work environment may be considered at trial. Plaintiff's discrimination claim may be based on any discrete denials of her requests to rotate duties occurring on or after January 15, 2008.

The pretrial conference is hereby moved to 9 a.m. on Monday, May 20, 2013.

SO ORDERED:

_____
Marvin E. Aspen
United States District Judge

Dated:      Chicago, Illinois
             May 7, 2013